Joseph F. Gtagliabdi, J.
In this action for declaratory judgment plaintiffs move for an order enjoining the holding of a public hearing scheduled by defendant Hudson River Valley Commission on June 6, 1973. Unfortunately, the action was commenced on May 16,1973 and the motion initiated on May 25, 1973, returnable on June 4, 1973. On the return day the parties and the court recognized that complicated legal issues were raised making it unlikely that a decision would issue before June 6, 1973. Counsel for plaintiffs, therefore, sought alterna tive relief declaring that the hearing be considered of no forfee and effect.
Plaintiffs are the owners of 35 acres of real property located in the Town of Hyde Park, 27% of which are the subject of this controversy. On October 2, 1972 plaintiffs proposed to build 432 garden apartments on the latter site and the project was approved by the Hyde Park Planning Board and a building permit obtained four days later. Under subdivision 2 of section 721 of the Executive Law defendant Hudson River Valley Commission has jurisdiction to review the project in question since the .development is within two miles of the river shoreline. Plaintiffs and the staff commission of said defendant engaged in preliminary consultation regarding the project. It is conceded that as of February 2, 1973 the commission received all the documents it required to process an initial project review. These documents were not received in time to be considered at a formal meeting of the commission on that day. . On March 26, 1973 the project was reviewed at a formal meeting and on April 23, 1973 a commission order issued staying plaintiffs from undertaking the project for a period of 60 days (until June 24, 1973). A public hearing was scheduled for June 4,1973 and by letter dated May 3,1973 plaintiffs were notified of the time and place. The commission has published notices in local newspapers concerning the public hearing and asked for comment about the project which “ this Commission has found might impair the scenic, natural and historic resources of the Hudson River Valley ”. The notice is compatible with statutory authority (Executive Law, § 721, subd. 4, par. e, cl. [5], sub. cl. [b]; § 721, subd. 4, par. f).
Plaintiffs contend that the statutory time limits for issuing the 60-day order and for holding a public hearing have expired. This contention has merit. The statute provides (Executive *167 Law, § 721, subd. 4, par. e, cl. [5]) that within 30 days after submission of all documents required the commission must notify the sponsor (plaintiffs) whether or not the project “ might have an unreasonably adverse effect ” upon the natural resources of the Hudson River Valley (ibid., subcl. [b]). The statute further provides that if the quoted finding is made the commission may issue a 60-day stay order to commence immediately after termination of the original 30-day period (ibid.). Section 721 (subd. 4, par. f) provides that during the 60-day period the commission “ shall further review such project and shall hold a public hearing ” and on or before the conclusion of the 60 days it shall report its .findings “in a manner conducive to the wide dissemination of such findings, to the public ”.
The commission, therefore, is basically a fact-finding agency with power to issue advisory findings. Its purpose is to review projects within its jurisdiction so as to enhance the preservation and development of the natural resources of the Hudson River Valley (Executive Law, § 721, subd. 1). The statute should be liberally construed to effectuate its purposes.
Nevertheless, it is clear that the 30-day time provision was violated. The commission really does not place reliance upon subdivision (d) of section 750.31 (21 NYCRR 750.31) which appears to extend the 30-day limitation and the court shall not pass upon the section’s validity. Rather, the commission argues that the 30-day period does not commence until formal review at a commission meeting which occurred here on March 26,1973. This position is untenable. The 30-day period commences upon receipt of all the documents required for review and is not dependent upon the whim of the commission’s meeting schedule. Thus, it is apparent that the 30-day and 60-day orders are without effect. However, this finding does not mean that plaintiffs are entitled to the relief requested. No proof of damages has been offered on this motion and it is premature to enjoin dissemination of findings not yet made. Indeed, despite the technical violation of statute the court would be hesitant to restrain dissemination of information pertaining to a public issue. Plaintiffs’ remedy is to sue for damages if adverse findings are made and disseminated to the public which actually result in injury.